IN HE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No: 7:11-CR-00117-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ) | |
| BRENDON EVAN HOLE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion of Defendant to obtain without payment of fees a copy of his plea agreement and a copy of the discovery packet from his case file. [DE-74]. Defendant contends that has requested from his attorney Robert Hale, Jr. a copy of these documents, but has received no response to the request. *Id.* Because there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972)). Here, Defendant pleaded guilty pursuant to a plea agreement on January 3, 2012 [DE-27, -28], and was sentenced on June 4, 2012 [DE-39]. The Fourth Circuit Court of Appeals affirmed in part and dismissed in part Defendant's appeal on January 2, 2013 [DE-56]. Defendant has not commenced a proceeding under 28 U.S.C. § 2255, nor has he articulated any possible § 2255 claims. Defendant does not assert why he needs a copy of his plea agreement, but asserts he never had an opportunity to review the discovery packet from his case. Defendant has not asserted the requisite particularized need for the requested documents. *See United States v. Anderson*, No. 2:94cr163, 1997 WL 138970, at *5 (E.D. Va. Mar. 14. 1997) (unpublished)

(denying a request for documents at government expense where defendant "failed to set forth specific factual allegations in support of a § 2255 motion which would enable the court to determine whether it was frivolous, and . . . has not established that he needs the copies of court documents and transcripts to set forth in summary form the facts in support of a § 2255 claim"). Thus, "[t]o grant [Defendant's] request at this juncture would only encourage a 'fishing expedition' by [D]efendant at the expense of the government." *Id.* However, Defendant may be able to show a particularized need for the requested documents in the future. *See United States v. McLean*, No. 5:10-CR-00125-H, 2011 WL 5870045, at *1 (E.D.N.C. Nov. 22, 2011) (unpublished) (denying a motion for reconsideration and noting that "[o]nce Defendant has commenced a Section 2255 proceeding, discovery may thereafter be available and that if [Defendant] qualifies for *in forma pauperis* status, he may be eligible to receive copies of the transcripts at the Government's expense at that time"). Finally, the discovery packet Defendant seeks was not filed in his case. The Clerk of Court shall provide a copy of Defendant's request to attorney Robert Hale, Jr. so that he may respond as appropriate.

SO ORDERED, this 2 day of December 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

2

Case 7:11-cr-00117-BR   Document 75   Filed 12/03/15   Page 2 of 2