IN HE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No: 7:11-CR-00117-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| BRENDON EVAN HOLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of Defendant to obtain without payment of fees a copy of the docket sheet, judgment, arraignment transcript, and statement of reasons from this case. [DE-76]. Defendant previously requested a copy of the transcript from his sentencing, and the court provided Defendant with a courtesy copy without payment of the required fee. [DE-71]. Defendant then requested a free copy of the plea agreement and the discovery packet from his case. [DE-74]. The court denied the request "[b]ecause there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents." [DE-75] (citing *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972))). The court found that Defendant had not commenced a proceeding under 28 U.S.C. § 2255, nor had he articulated any possible § 2255 claims, and Defendant had not asserted why he needed a copy of his plea agreement. *Id.* Accordingly, the court concluded that Defendant had not asserted the requisite particularized need for the requested documents. *Id.* (citing *United States v. Anderson*, No. 2:94cr163, 1997 WL 138970, at *5 (E.D. Va. Mar. 14. 1997) (unpublished) (denying a request for documents at government expense where

defendant "failed to set forth specific factual allegations in support of a § 2255 motion which would enable the court to determine whether it was frivolous, and . . . has not established that he needs the copies of court documents and transcripts to set forth in summary form the facts in support of a § 2255 claim")).

Again, Defendant has failed to make a particularized showing of need for the requested documents. Thus, "[t]o grant [Defendant's] request at this juncture would only encourage a 'fishing expedition' by [D]efendant at the expense of the government." *Anderson*, 1997 WL 138970, at *5. However, as the court stated in its previous order, Defendant may be able to show a particularized need for the requested documents in the future. *See United States v. McLean*, No. 5:10-CR-00125-H, 2011 WL 5870045, at *1 (E.D.N.C. Nov. 22, 2011) (unpublished) (denying a motion for reconsideration and noting that "[o]nce Defendant has commenced a Section 2255 proceeding, discovery may thereafter be available and that if [Defendant] qualifies for *in forma pauperis* status, he may be eligible to receive copies of the transcripts at the Government's expense at that time"). Accordingly, Defendants' motion is DENIED at this time.

SO ORDERED, this __9__ day of February 2016.

Robert B. Jones, Jr.
United States Magistrate Judge